IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| Donnie Joe Jones, a/k/a Donnie Jones, ) ) ) | CIVIL ACTION NO. 9:14-2033-DCN-BM |
| Plaintiff, ) ) | |
| v. ) ) | **REPORT AND RECOMMENDATION** |
| David M. McCall, John B. Pate, John ) Tomarchio, Carol E. Mitchell-Hamilton, ) Virginia A. Dean, Robert M. Stephenson, III,) Leroy Cartledge, Joseph Alewine, ) Edward Stahl, Franklin Richardson, Jr. ) and John B. Mcree, ) ) | |
| Defendants. ) _____) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections (SCDC), alleges that he is not receiving proper medical care for a back condition.

In conjunction with the filing of his Complaint, Plaintiff filed a motion for a preliminary injunction, seeking an order from this Court requiring the Defendants to provide him with "adequate medical care" so that his "degenerative disc disease" will not continue to get worse. Plaintiff asks for "adequate pain medication and treatment". See generally, Motion for Preliminary



1

Injunctive Relief, with attached "declaration". The Defendants have not as yet made an appearance in this case, and therefore the issuance of a preliminary injunction would not be proper at this time. See Rule 65(a), Fed.R.Civ.P. [noting that the court may issue a preliminary injunction only on notice to the adverse party]. However, even if Plaintiff was seeking a temporary restraining order, Plaintiff would still not be entitled to relief, as he has failed to meet the requirements for the issuance of such an order. See Rule 65(b), Fed.R.Civ.P.

With respect to any claim for injunctive relief, such relief is an extraordinary remedy which will not be granted unless there is a clear showing of entitlement to relief. The Real Truth About Obama, Inc. v. Federal Election Commission, 575 F.3d 342, 346-347 (4th Cir. 2009), cert. granted, judgment vacated on other grounds by, Real Truth About Obama, Inc. v. Federal Election Com'n, 130 S.Ct. 2371 (2010); see Winter v. Natural Resources Defense Counsel, Inc., 555 U.S. 7, 19-20 (2008); Stuhlbarg Int'l Sales Co., Inc., v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n. 7 (9th Cir. 2001)). In order to obtain such relief, a Plaintiff must establish: 1) the likelihood that the Plaintiff will succeed on the merits; 2) the likelihood of irreparable harm to the Plaintiff if the injunction is not granted; 3) that the balance of equities tips in his favor; and 4) the injunction is in the public interest. Winter, 555 U.S. at 20. All four requirements must be satisfied. The Real Truth About Obama, Inc., 575 F.3d at 346. Further, to obtain relief Plaintiff must demonstrate more than the "possibility" of irreparable harm, because the Supreme Court has held that that standard is "inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the Plaintiff is entitled to such relief". The Real Truth About Obama, Inc., 575 F.3d at 346, (citing Winter, 555 U.S. at 19-22).



Here, Plaintiff has failed to show entitlement to injunctive relief through his motion filed with this Court. Plaintiff will be able to fully litigate and have resolved in his underlying action his claim that he is not receiving adequate medical care; however, Plaintiff's general and conclusory assertion in his motion that he is not receiving adequate medical care does not in and of itself establish a likelihood that he will succeed on the merits of his claim, or a likelihood of irreparable harm to him if an injunction is not granted. The Real Truth About Obama, Inc., 575 F.3d at 346-347. Additionally, it is not clear what form injunctive relief in this matter would even take, as the Court cannot issue an order providing simply that Plaintiff be provided with "adequate" medical care - a level of care that the Defendants no doubt will assert he is already receiving. Hence, such a general mandate would not serve to provide Plaintiff any more relief. Cf. Taylor v. Freeman, 34 F.3d 266, 269-270 (4th Cir. 1994)[Preliminary injunctive relief involving the management of prisons should be granted only under exceptional and compelling circumstances]; Joe v. Ozmint, No. 08-585, 2008 WL 5076858, * 3-4 (D.S.C. 2008).

If the evidence presented to this Court through the prosecution of this action establishes that Plaintiff is entitled to relief, then an appropriate order and judgment can be entered at that time. However, as Plaintiff has failed to meet the standard for issuance of either a preliminary injunction or a temporary restraining order, it is recommended[1] that his motion be **denied**. Nicholas v. Ozmint, No. 05-3472, 2006 WL 2711852, * 5 (D.S.C. Sept. 20, 2006); see Winter, 555 U.S. at 20 ["In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction"].

---

[1] A report and recommendation is required on this motion pursuant to 28 U.S.C. § 636(b)(1)(A). See Milliner v. Champion, No. 91-5159, 1992 WL 142668 (10th Cir. June 23, 1992).



3

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

August 5, 2014
Charleston, South Carolina



4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

